IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RUSSELL LARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| MADISON COUNTY, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Russell Larson, by and through counsel, hereby states for his Complaint against Defendant Madison County, Tennessee, as follows:

### I.   INTRODUCTION

1. The Walter Baker Harris Juvenile Court Building ("the Courthouse"), located in Jackson, Madison County, Tennessee, is not fully and readily accessible to persons with mobility impairments and other physical disabilities and it has not been for a long time.

2. After many years of inaccessibility, a site inspection completed by an expert from PDS America on July 16, 2018, found that the Courthouse does not comply with the most basic accessibility standards for public buildings required by the Americans with Disabilities Act and Rehabilitation Act (attached as Ex. A). Problems include steps leading to the front door, steps leading from the building's main lobby to the main level, non-accessible parking spaces marked as handicap, a non-compliant ramp, and a non-compliant elevator.

3. Plaintiff Russell Larson is a long-time local attorney and Madison County resident. Mr. Larson has a "disability" as that term of art is defined by both the ADA and Section 504 because, due to a physical impairment known as arthrogryposis (contracted joints), he is substantially limited in the ability to stand and walk. Mr. Larson uses an electric wheelchair for mobility.

4. The long-term failure of the County to make the Courthouse fully and readily accessible violates both the Americans with Disabilities Act, as amended (ADA), 42 U.S.C. § 12131 *et seq*., and the Rehabilitation Act, 29 U.S.C. § 794. Therefore, Plaintiff brings this action against Madison County, Tennessee, seeking appropriate declaratory, injunctive, and monetary relief.

## II.   THE PARTIES

5. Plaintiff Russell Larson ("Plaintiff") is a citizen of the United States and currently resides in Madison, Tennessee.

6. Defendant Madison County, Tennessee ("Defendant" or "Madison County") is a political subdivision of the State of Tennessee located in West Tennessee. It operates the juvenile division of its General Sessions court and its probate court from the Courthouse, which is located at 110 Irby Street, Jackson, Tennessee 38301.

7. Defendant is a "public entity" within the meaning of the ADA and receives federal funding. 42 U.S.C. § 12131(1)(A).

## III.   JURISDICTION & VENUE

8. This court has jurisdiction over this case pursuant to 42 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in the Western District of Tennessee under 28 U.S.C. § 1391(b)–(c).

## IV. LEGAL BACKGROUND

10. Title II of the Americans with Disabilities Act, as amended, provides, "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

11. The Rehabilitation Act, 29 U.S.C. § 794(a), provides that "no otherwise qualified individual with a disability" may be discriminated against on the grounds of that disability by any program receiving federal funding.

12. The term "public entity" includes local governments. 42 U.S.C. § 12131(1)(A).

13. A "qualified individual with a disability" within the meaning of the ADA and Rehabilitation Act is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and serves, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity." 42 U.S.C. § 12131(2); 29 U.S.C. § 705(20)(B). An individual with a disability is "qualified" "with respect to services" if he or she "meets the essential eligibility requirements for the receipt of such services." 28 C.F.R. § 41.32(b).

14. The ADA and Rehabilitation Act are similar in substance, aside from the federal funding requirement in the Rehabilitation Act, and therefore the standards and case law applicable to one are generally applicable to the other.

15. The ADA provides that the Attorney General is to promulgate regulations to implement Title II. 42 U.S.C. § 12134. These have been promulgated at 28 C.F.R. Ch. 1, Pt. 35. The regulations distinguish between structures that have been built or altered since January 26, 1992,

28 C.F.R. § 35.151, and those that have not been and are labeled "existing facilities," 28 C.F.R. § 35.150.

16. Whereas the new and altered structures must meet specific architectural standards, 28 C.F.R. § 35.151(c), existing facilities must meet a general standard that "[a] public entity shall operate each service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities," 28 C.F.R. § 35.150(a).

17. To the extent that structural changes had to be made to existing facilities to make them readily accessible, the changes had to be made by January 26, 1995. 28 C.F.R. § 35.150(c).

## V. FACTUAL BACKGROUND

### A. The Walter Baker Harris Juvenile Court Building

18. The Madison County Juvenile Court, Juvenile Court Clerk, and Probate Court are located at the Walter Baker Harris Juvenile Court Building ("the Courthouse"), 110 Irby Street, Jackson, TN 38301.

19. The Madison County Juvenile Court, a division of the Madison County General Sessions Court, handles a variety of legal matters related to children, including juvenile justice, child welfare, child support, and child custody disputes. It holds regular public court sessions and operates a Juvenile Court Clerk's office that is open to the public daily.

20. The Madison County Probate Court also holds regular public court sessions at the Courthouse.

21. Due to the type of cases heard at the Courthouse, individuals with disabilities, including mobility issues, regularly attend court sessions. Of special concern are children who sometimes come under the Court's jurisdiction because of their disabilities, such as in cases of neglect and abuse.

22. The Courthouse is a three-story brick building. While Plaintiff does not know exactly how old the building is, upon information and belief, it has been in use for several decades. As much as three-quarters of the building is unoccupied and uninhabitable due to dilapidated and unsafe conditions, including the presence of asbestos.[1]

23. The main entrance to the building features two steps leading up to a landing, and one 5-inch high step in the door itself. (*See* Ex. A, PDS America Inspection, p. 2, § 2 (with photos).)

24. Inside the front door is a small lobby with a metal detector and area for security personnel. (Ex. A, p. 3, § 3.) Two sets of stairs (approximately 10 steps each) lead from the lobby to the main level of the Courthouse, where the Clerk's Office, courtroom, and other offices are located.

25. There is no way to access the main areas of the building from the lobby without going up one of these two sets of stairs. There is no elevator and no lift.

26. The rear of the building is meant to be accessible to persons with a disability. However, it does not comply with ADA regulations. Parking spaces at the rear of the building marked as "handicap" are not accessible. (Ex. A, p. 3, § 4.) The ramp features "flares" (the area where the ramp rises to meet the sidewalk) that are steeper than allowed by ADA regulations. (Ex. A, p. 4, § 5.)

27. The lobby inside the rear entrance does feature an elevator. However, the elevator itself is not even ADA compliant. It is undersized, has out-of-date controls, and is missing other accessibility features. (Ex. A, p. 4, § 7.) This makes it difficult for a person in a wheelchair or similar device to maneuver themselves into position in the elevator.

---

[1] *The Jackson Sun*, "Madison County can't house all its juvenile offenders" (Aug. 17, 2014), *available at* https://www.jacksonsun.com/story/news/local/2014/08/16/madison-county-house-juvenile-offenders/14187791/ (last visited Sept. 17, 2018).

28.     Moreover, the elevator is not readily accessible, as it is kept locked and cannot simply be "called." Instead, it is kept locked, and a person with a disability wishing to use the elevator must call a person, who must then bring a key to unlock the elevator. According to PDS America, this procedure "requires a minimum 20 minute wait" before the elevator can actually be used. (Ex. A, p. 4, § 8.) This process is embarrassing and demeaning for individuals with disabilities, including Mr. Larson, who is an attorney.

29.     The inspection also noted possible compliance issues with the Clerk's Office counter, courtroom bathrooms, and water fountains, though it did not specifically address these potential issues. (Ex. A, p. 5, § 12.)

30.     Defendant has been aware of these conditions for at least 13 years. On July 25, 2005, Madison County reached a settlement agreement with the U.S. Department of Justice regarding accessibility issues at the Courthouse (along with other public buildings) as part of the Department's Project Civic Access.[2] That Agreement required Madison County to make changes to, among other things, the parking, entrances, lobby door, elevator, Clerk's Office, restrooms, and drinking fountains at the Courthouse.[3] It is unknown if the County undertook the changes required by the Agreement.

31.     Moreover, in 2014, an article was published in the Madison County newspaper, *The Jackson Sun*, regarding problems with the Courthouse and the need for a new courthouse. These

---

[2]     U.S. Dept' of Justice, Civil Rights Division, Project Civic Access, https://www.ada.gov/civicac.htm#TN (last visited Sept. 17, 2018); Settlement Agreement between United States of America and Madison County under the Americans with Disabilities Act, DJ 204-72-48, *available at* https://www.ada.gov/madisontnsa.htm (last visited Sept. 17, 2018).

[3]     Settlement Agreement, Appendix K, at § 4, *available at* https://www.ada.gov/madisontnattk.htm (last visited Sept. 17, 2018).

problems included the fact that the courtroom was not accessible to persons with a disability.[4] The article interviewed or quoted a number of Madison County officials about the problems with the Courthouse, including Juvenile Court Judge Christy Little (who advocated for a new courthouse), Madison County Mayor Jimmy Harris, Madison County Finance Director Mike Nichols, and Madison County Commissioner Ann Harrell. Upon information and belief, no action was taken in response to this article. Instead, the problems were known and discussed, but the Defendant was deliberately indifferent to bringing the facility into legal compliance.

### B. Plaintiff Russell Larson

32. Russell Larson is a long-time local attorney who requires access to the Courthouse to capably represent clients. As mentioned, due to his disability, the Courthouse is not readily accessible to him.

33. To gain access to the courtroom, Mr. Larson must arrive early. He must park his car in the rear of the building. Non-compliant handicap parking spots make it difficult for him to get out of his vehicle. He must then use the ramp to access the building, which can be difficult as the tall flares make the ramp narrow. Then, he must call for someone to come unlock the elevator, and wait in the elevator lobby for at least 20 minutes until this person arrives. Then, he must maneuver himself into the small elevator, which is hardly big enough for his wheelchair. The out-of-date buttons can be difficult to press. And when he arrives at the courtroom level, he must travel outside the normal route, through several rooms and doors, creating further difficulties due to his disability, before finally emerging in the Clerk's Office next to the courtroom. The route to the courtroom from the elevator is convoluted and not marked.

---

[4] *The Jackson Sun*, "Madison County can't house all its juvenile offenders" (Aug. 17, 2014), *available at* https://www.jacksonsun.com/story/news/local/2014/08/16/madison-county-house-juvenile-offenders/14187791/ (last visited Sept. 17, 2018) (stating that "[t]here is no handicap access" to parts of the Courthouse and a new courthouse building "would need to be handicap accessible").

34. This process is embarrassing to Mr. Larson, physically taxing, unnecessary, and discriminatory.

## VI. CAUSES OF ACTION

35. Plaintiff incorporates the foregoing paragraphs 1-34. As detailed in those paragraphs, Defendant has violated the Americans with Disabilities Act, as amended, 42 U.S.C. § 12131 *et seq.*, and Rehabilitation Act, 29 U.S.C. § 794, because the Courthouse is not readily accessible to qualified individuals with physical disabilities as required by those Acts.

## VII. REQUEST FOR RELIEF

36. Wherefore, Plaintiff requests the following relief:

    A. That proper process issue along with a copy of this Complaint requiring Defendant to appear and answer;

    B. A declaration that Defendant has violated federal law, for the reasons outlined above;

    C. A permanent injunction requiring Defendant to ensure that the Courthouse is fully accessible to persons with disabilities as required by federal law, including by implementing suggestions in the Inspection (Ex. A) that the Court finds appropriate.

    D. Any monetary damages sustained by the Plaintiff;

    E. Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 794a(b) and 42 U.S.C. § 12133; and

    F. Any other legal or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

s/ James S. Haywood, Jr.
HAYWOOD LAW, PLLC
James S. Haywood, Jr. (TN BPR No. 009482)
50 Boyd Ave.
P.O. Box 438
Brownsville, TN 38012
(731) 772-9127 Telephone
(731) 772-0051 Fax
jim@haywoodlaw.net


s/ Justin S. Gilbert
GILBERT McWHERTER SCOTT BOBBITT PLC
Justin S. Gilbert (TN BPR No. 1067)
200 W. Martin Luther King Blvd, Suite 1067
Chattanooga, TN 37402
(423) 499-3044 Telephone
(731) 664-1540 Fax
jgilbert@gilbertfirm.com


*Attorneys for Plaintiff*